Chief Justice Robertson,
delivered the opinion of the court.
Davenport and. Morgan entered into a three months1 replevin bond, to Wm, Crutchfield, in sa-. tjsfactionof a judgment, which he had obtained against them-
Before, or about the time when the bond became due, Crutchfield died; and Irvine, as his administrator, with the will annexed, proceeded by scire facias, in less than a year, from the date of the bond, for the purpose of obtaining judgment, for execution on the bond.
The writ having been returned executed to the July-term, 1828, of the circuit court, the plaintiffs in error demurred to it, but the demurrer was overruled, and the case was continued until the succeeding October term.
At the October term, the plaintiffs in error pleaded, that since the last continuance, Irvine had been removed by the county court, and thereby, had been disqualified to act as administrator. A demurrer to this plea, was sustained, and thereupon, judgment for execution was awarded on the scire facias.
The plea is in apt form, and contains, if it be true, sufficient matter. The county court had power to remove the administrator. This power it exercised, because he had failed to give counter security, when he was required to do so.
As the replevin bond was not executed to him, but to his intestate, when he ceased to be administrator, he had po right further to prosecute the scire facias. The plea shows, that the matter, on which it relies, occurred before •the last continuance. But this is not fatal to it on demurrer. It was still within the discretion of the court to receive itwnunc pro tunc A and as the reasons for ad *61 mitting it, may not appear on its face, but are extrañeous; this court will presume, until the contrary appear, that the circuit judge didnot abuse his discretion; Morgan, et al. vs. Dyer, X Johnson, 161. But no issue in fact, had been concluded, and therefore, there could be no valid objection to the time of filing the plea.
Administrator, after his removal by county court, cannot prosecute a suit, or act otherwise as administrator.
If scire facias be sued out on replevin bond, upon which execution might haye issued without revivor, demurrer will be sustained to the writ.
Mills and Brazen, for appellants.
The county court having power to remove the administrator, we will presume that he was removed legally and effectually; and if he were so removed, he couldnot, after his amotion, prosecute a suit, or act otherwise, as the administrator.
It is not necessary to determine, whether execution might have issued without revivor. For, if it, might, the demurrer should have been sustained to the writ; and if a scire facias were necessary, it could be prosecuted only in the name of-the rightful administrator; so, that in either event, the appellee could not, if the plea be true, maintain the scire facias.
Judgment reversed, and cause remanded, with instructions to overrule the demurrer to the plea “puis dar-rein continuance.'1'’